IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY LEE JENNINGS, <br> TDCJ #595880, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-19-2712 |

**MEMORANDUM OPINION AND ORDER**

Henry Lee Jennings (TDCJ #595880) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief under 28 U.S.C. § 2254 from a conviction that was entered against him in 1991. He has also filed a Federal 2254 Habeas Corpus Memorandum of Law in support of the Petition ("Memorandum") (Docket Entry No. 5). After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

**I. Background**

On July 17, 2019, Jennings filed the pending federal habeas corpus Petition to challenge a state court conviction that resulted

in a 66-year sentence.¹ Public records clarify that Jennings was convicted of robbery on April 9, 1991, and sentenced to 66 years' imprisonment in Harris County Cause No. 580150.² That conviction, which was entered in the 174th District Court for Harris County, was affirmed on appeal on August 13, 1992. See Jennings v. State, No. B14-91-00344-CR, 1992 WL 193578 (Tex. App. — Houston [14th Dist.] Aug. 13, 1992, pet. ref'd) (unpublished) (rejecting Jennings's challenge to the sufficiency of the evidence and his claim that the robbery conviction violated double jeopardy after he pled guilty to a theft charge that was included in the same indictment).

Jennings now contends that he is entitled to federal habeas corpus relief from the robbery conviction and sentence entered against him in 1991, because a "visiting unsworn judge" presided

---

¹See Petition, Docket Entry No. 1, pp. 2-3. The Petition is not dated. See id. at 10. However, the cover letter submitted by the petitioner is dated July 17, 2019. See Letter, Docket Entry No. 1-1, p. 1. For purposes of this Order, the court presumes that the Petition was filed on this date under the "mailbox rule" that applies to pleadings filed by pro se prison inmates. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998); Richards v. Thaler, 710 F.3d 573, 579 (5th Cir. 2013).

²See Texas Dep't of Criminal Justice, Offender Information, located at: https://offender.tdcj.texas.gov (last visited Aug. 6, 2019) (disclosing that Jennings was convicted of robbery in Harris County Cause No. 580150 on April 9, 1991, and failure to comply with sex offender registration requirements in Harris County Cause No. 147537701010 on February 5, 2016).

over his trial.³ Jennings also asserts that his indictment was "faulty" or defective because he was charged with committing theft, but he was tried and convicted of committing the offense of robbery.⁴

## II. Discussion

**A. The One-Year Statute of Limitations**

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

³See Petition, Docket Entry No. 1, p. 6.

⁴Id. at 6.

>               recognized by the Supreme Court and made
>               retroactively applicable to cases on
>               collateral review; or
>
>       (D)     the date on which the factual predicate of the
>               claim or claims presented could have been
>               discovered through the exercise of due
>               diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

As noted above, Jennings challenges a state court judgment of conviction that was entered against him in 1991, and affirmed on direct appeal in 1992. Because Jennings did not appeal further by seeking a writ of certiorari from the Supreme Court, his state court conviction became final for purposes of the AEDPA statute of limitations in 1993, at the latest. See Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (observing that a state conviction is typically considered "final 'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied'")(quoting Caspari v. Bohlen, 114 S. Ct. 948, 953 (1994)).

Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. See United States v. Flores, 135 F.3d 1000, 1004 (5th Cir. 1998)

(applying the grace period to a post-conviction motion for relief from a federal conviction under 28 U.S.C. § 2255). Therefore, Jennings had until April 24, 1997, to seek a federal writ to challenge his 1991 conviction. See Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (citing Flanagan, 154 F.3d at 201-02). The pending petition, filed on July 17, 2019, is late by more than 20 years and is therefore time-barred unless an exception applies.

B.  **Statutory Tolling**

A habeas petitioner may be entitled to statutory tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Jennings filed a state habeas corpus application to challenge his 1991 robbery conviction under Article 11.07 of the Texas Code of Criminal Procedure on December 5, 2018,[5] which the Texas Court of Criminal Appeals denied on May 8, 2019.[6] This application does not toll the limitations period under § 2244(d)(2) because it was filed well after the period of limitations expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

---

[5] See Petition, Docket Entry No. 1, p. 4.

[6] See Postcard Notification from the Texas Court of Criminal Appeals, Docket Entry No. 5, p. 5 (advising Jennings that his application for a writ of habeas corpus was denied on the findings of the trial court without a hearing).

The pleadings do not disclose any other valid basis for statutory tolling. Jennings does not assert that he was subject to state action that impeded him from filing his Petition before the limitations period expired. See 28 U.S.C. § 2244(d)(1)(B). Likewise, none of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Moreover, although Jennings asserts in his Petition that his claims are based on unspecified "newly discovered evidence,"[7] none of his claims raise a constitutional issue that is based on a "new factual predicate" that could not have been discovered previously if he had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D). Therefore, the Petition is time-barred unless there is an equitable reason to toll the statute of limitations.

**C.   Equitable Tolling**

The AEDPA statute of limitation may tolled for equitable reasons "in rare and exceptional circumstances[.]" Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has clarified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct.

---

[7]See Petition, Docket Entry No. 1, p. 9.

1807, 1814 (2005)). Jennings does not make this showing.

Jennings explains in his Memorandum that it took him a long time to assert his claims because he had to go back to school and then visit the law library to learn the "rules and regulations of the court" before he could seek state habeas relief under Article 11.07 of the Texas Code of Criminal Procedure.[8] The Petition, however, is over 20 years late. Jennings does not provide a chronology or allege any facts demonstrating that he pursued relief with diligence before the limitations period expired.

To the extent that Jennings attributes the delay to his status as a self-represented inmate and his ignorance of the law, neither of these factors constitutes an exceptional circumstance that excuses a petitioner's failure to file a timely habeas petition. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," "illiteracy," and "ignorance of legal rights" generally do not justify tolling). Because Jennings has not articulated a valid basis for tolling the statute of limitations, the court

---

[8]See Memorandum, Docket Entry No. 5, p. 2.

concludes that this action must be dismissed as untimely filed.[9]

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

---

[9]In addition, the court notes that Jennings's primary ground for relief, which claims that his conviction is void because he was tried before a visiting judge who had not taken the oath of office required by Texas law, is one that has been repeatedly rejected as not cognizable under 28 U.S.C. § 2254. See Pierce v. Director, TDCJ-CID, Civ. No. 4:06-258, 2013 WL 1796137, at *17 (E.D. Tex. April 26, 2013) (citations omitted); Turner v. Quarterman, Civ. No. A-08-811, 2009 WL 2406203, at *8 (W.D. Tex. Aug. 3, 2009); Ramos v. Dretke, Civ. No. 4:04-459, 2005 WL 39144, at *3 (N.D. Tex. Jan 6, 2005), rec. adopted, 2005 WL 233952 (N.D. Tex. Jan. 31, 2005). Because the Petition is plainly time-barred, the court does not address the merits further.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether the Petition was untimely or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) filed by Henry Lee Jennings is **DISMISSED with prejudice** as barred by the one-year statute of limitations.

2. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 7th day of August, 2019.

  SIM LAKE
  UNITED STATES DISTRICT JUDGE